FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 13 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUDY GLUCK
on behalf of herself and
all other similarly situated consumers

**CV 12 - 04603**

Plaintiff,

-against-

**MATSUMOTO, J.**

CRANER, SATKIN, SCHEER &
SCHWARTZ, A PROFESSIONAL CORPORATION

**POLLAK, M.J**

Defendant.

## CLASS ACTION COMPLAINT

### *Introduction*

1.      Plaintiff Judy Gluck seeks redress for the illegal practices of Craner, Satkin, Scheer

& Schwartz, A Professional Corporation in which it unlawfully engaged in the

collection of consumer debts in violation of the Fair Debt Collection Practices Act,

15 U.S.C. § 1692, et *seq.* ("FDCPA").

2.      Plaintiff is a citizen of the State of New York who resides within this District.

3.      Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the

FDCPA.

4.      The alleged debt that Defendant sought to collect from the Plaintiff involves a

consumer debt.

5.  Upon information and belief, Defendant's principal place of business is located within Scotch Plains, New Jersey.

6.  Defendant is regularly engaged upon, for profit, in the collection of debts allegedly owed by consumers.

7.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, within this district.

### Allegations Particular to Judy Gluck

10. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11. On or about July 17, 2012 Defendant sent collection letters communicating to the least sophisticated consumer that the communication came from a law firm in a practical sense violating 15 U.S.C. § 1692e(3).

    Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp. 2d 353, 2005 U.S. Dist. LEXIS 8472 (E.D.N.Y. 2005) (Computer generated "mass mailing" of tax season settlement letter on a law firm letterhead lacking any disclaimer and without an attorney conducting any meaningful review states a claim for relief under 15

-2-

U.S.C. § 1692e(3).); Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist.

LEXIS 102727 (S.D.N.Y. Sept. 7, 2011); Cordes v. Frederick J. Hanna & Assocs.,

P.C., 789 F. Supp. 2d 1173, 2011 U.S. Dist. LEXIS 61222 (D. Minn. 2011).

The FDCPA prohibits the use of any "false, deceptive, or misleading representation

or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It

enumerates a non-exhaustive list of sixteen debt-collection practices that run afoul

of this proscription, including "the false representation or implication that [a]

communication is from an attorney." *Id.* § 1692e(3).

The Second circuit has held that a debt-collection letter from a law firm or lawyer

violates 15 U.S.C. § 1692e(3) if an attorney was not "directly and personally

involved" with the debtor's account — such as by reviewing the debtor's file —

before the letter was sent. Clomon v. Jackson., 988 F.2d 1314, 1320-21 (2d Cir.

1993) *See, e.g.*, Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232,

1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf

v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa.

Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128,

1133 (D. Minn. 2001) (Alsop, J.); Suquilanda v. Cohen & Slamowitz LLP ., No.

1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ("Absent any disclaimer and without an

attorney conducting any meaningful review, using a "Law Office" letterhead states

a claim for relief under 15 U.S.C. § 1692e(3).")

The Second Circuit confronted similar facts in Clomon. There, the attorney

Defendant approved the form of dunning letters sent by a collection agency and

-3-

also "approved the procedures according to which th[e] letters were sent. *Id.* 988

F.2d at 1317. He did not have any specific involvement with each debtor's account,

however, such as reviewing the debtor's file or the particular letter being mailed.

*Id.* The Second Circuit concluded that the challenged letters, despite bearing the

Defendant attorney's signature, violated 15 U.S.C. Section 1692e(3) because,

although literally "from" an attorney, they "were not `from' [him] in any

meaningful sense of that word." *Id.* at 1320; accord, e.g., Avila, 84 F.3d at 229.

The same result is obtained in the present case.

12.   Although Craner, Satkin, Scheer & Schwartz, A Professional Corporation may

technically be a law firm, it was not acting in the capacity of a law firm with

respect to the said letters. The inclusion of "Law Offices" is therefore materially

deceptive and misleading in that it communicates to the least sophisticated

consumer that the communication came from a law firm in a practical sense, when

it did not.

13.   If Craner, Satkin, Scheer & Schwartz, A Professional Corporation desires to take

advantage of the additional collection leverage provided by the use of a law firm's

name in connection with purely debt-collection related activities, it is free to do so

under the law of the Second Circuit so long as its each and every one of its

standardized communications including letters and voice mail messages do not give

the least sophisticated consumer the impression that the communications are from

an attorney or law firm in the practical sense. *See e.g.* Clomon v Jackson, 988 F2d

1314, 1320 (2d Cir. 1993); Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009) ("Debt

-4-

collectors acting solely as debt collectors must not send the message that a lawyer
is involved, because this deceptively sends the message that the 'price of poker has
gone up."); Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293
(E.D.N.Y.2005) (The court found that the collector's letter with text on the front
and back regarding attorney involvement was confusing to the least sophisticated
consumer and violated § 1692e.); Suquilanda v. Cohen & Slamowitz, LLP No.
1:10-cv-05868 (S.D.N.Y. SEP 08, 2011) ("Absent any disclaimer and without an
attorney conducting any meaningful review, using a "Law Office" letterhead states
a claim for relief under 15 U.S.C. § 1692e(3)".)

14.     The Defendant printed and mailed, or caused to be printed and mailed, letters to
        Plaintiff in an effort to collect from Plaintiff an obligation, or alleged obligation,
        owed or due, or asserted to be owed or due an original creditor other than
        Defendant and which Defendant acquired after such obligation or alleged
        obligation was charged-off or was in default. A true and correct copy of
        Defendant's communication is attached hereto.

15.     Defendant, as a matter of pattern and practice, mail letters, or cause the mailing of
        letters, to debtors using language substantially similar or materially identical to that
        utilized by Defendant in mailing the above-cited letter to Plaintiff.

16.     Defendant mails, or causes the mailing of, thousands of collection letters like the
        one sent Plaintiff without conducting any meaningful review of the accounts.

17.     The letters the Defendant mails, or causes to be mailed, are produced by
        Defendant's concerted efforts and integrated or shared technologies including

-5-

computer programs, mailing houses, and electronic databases.

18. The said letters are standardized form letters.

19. Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) for indicating that the communication came from a law firm in a practical sense and for failing to qualify that the debt had not been reviewed by an attorney.

### AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.***

20. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through nineteen (19) as if set forth fully in this cause of action.

21. This cause of action is brought on behalf of Plaintiff and the members of a class.

22. The class consists of: (a) all persons whom Defendant's records reflect resided in the State of New York and who received collection letters from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (b) the collection letters were sent to a consumer seeking payment of a consumer debt; (c) the collection letters used an attorney letterhead which represented that the letter was sent from a law firm in a practical sense but which failed to qualify that the debt had not been reviewed by an attorney; (d) the letters were sent seeking payment of an alleged debt and were not returned or undelivered by the post office; and (e) the Plaintiff asserts that the letters contained violations of 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

23.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and

preferable in this case because:

(a)     Based on the fact that form collection letters are at the heart of this

litigation, the class is so numerous that joinder of all members is

impracticable.

(b)     There are questions of law and fact common to the class and these questions

predominate over any question(s) affecting only individual class members.

The principal question presented by this claim is whether the Defendant

violated the FDCPA.

(c)     The only individual issue involves the identification of the consumers who

received such collection letters, (*i.e.* the class members).  This is purely a

matter capable of ministerial determination from the records of the

Defendant.

(d)     The claims of the Plaintiff are typical of those of the class members.  All of

the respective class claims are based on substantially similar facts and legal

theories.

(e)     The Plaintiff will fairly and adequately represent the class members'

interests.  The Plaintiff has retained counsel experienced in bringing

class actions and collection abuse claims.  The Plaintiff's interests are

consistent with those of the members of the class.

24.     A class action is superior for the fair and efficient adjudication of the class

members' claims.  Congress specifically envisions class actions as a principal

-7-

means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

25.     If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

26.     Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

27.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

28.     The Defendant's violation of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

**WHEREFORE**, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k); and

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

-8-

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Brooklyn, New York
       September 10, 2012

_____

Maxim Maximov, Esq.
Attorneys for the Plaintiff
Maxim Maximov, LLP
1600 Avenue M, 2nd Floor
Brooklyn, New York 11230
Office: (718) 395-3459
Facsimile: (718) 408-9570
Mobile: (718) 772-3954
E-mail: mmaximov@mmaximov.com


Plaintiff requests trial by jury on all issues so triable.

Maxim Maximov, Esq

-9-

## L A W   O F F I C E S

**CRANER, SATKIN, SCHEER & SCHWARTZ P.C.**
ATTORNEYS AT LAW

320 PARK AVE PO BOX 367            60 EAST 42ND STREET, 47TH FLOOR
SCOTCH PLAINS, NJ 07076                  NEW YORK, NY 10165
     (908) 322-2333                          (212) 938-2337


[    1072-0063-782                        ]

JUDY GLUCK                               Date July 17, 2012
227 E 57TH ST 8H
NEW YORK, NY 10022                       MRS File #  1072-0063-782

[                                      ]    Balance Due $  15000.00

RE: BOARDWALK REGENCY CORPORATION

Your account with the above creditor has been placed with our firm for
collection and such action as is necessary to protect our client.  Unless
within thirty (30) days of receipt of this notice you dispute the validity of
the debt or any portion, the debt will be assumed to be valid by the debt
collector.  If disputed in writing within that period, verification of the debt
will be mailed to you.  Upon your written request within the thirty (30) days
of receipt of this notice, you will be provided with the name and address of
the original creditor if different from the curent creditor.

If you acknowledge this debt, please mail your payment to our office, or
otherwise contact our office to arrange satisfactory payment terms.

Very truly yours,

CRANER, SATKIN, SCHEER & SCHWARTZ, P.C.

Please refer to the file number above on all communications. This communication
is for the purpose of collecting a debt and information obtained will be used
for that purpose.  This communication is from a debt collector.

811

LAW   OFFICES

**CRANER, SATKIN, SCHEER & SCHWARTZ P.C.**
ATTORNEYS AT LAW

320 PARK AVE PO BOX 367          60 EAST 42ND STREET, 47TH FLOOR
SCOTCH PLAINS, NJ 07076                NEW YORK, NY 10165
(908) 322-2333                       (212) 938-2337

[    1072-0050-784                              ]

JUDY GLUCK                                 Date July 17, 2012
227 E 57TH ST 8H
NEW YORK, NY 10022                         MRS File #  1072-0050-784

[                                           ]    Balance Due $  17500.00

RE: SHOWBOAT ATLANTIC CITY OPERATING COMPANY, LLC

Your account with the above creditor has been placed with our firm for
collection and such action as is necessary to protect our client.  Unless
within thirty (30) days of receipt of this notice you dispute the validity of
the debt or any portion, the debt will be assumed to be valid by the debt
collector.  If disputed in writing within that period, verification of the debt
will be mailed to you.  Upon your written request within the thirty (30) days
of receipt of this notice, you will be provided with the name and address of
the original creditor if different from the curent creditor.

If you acknowledge this debt, please mail your payment to our office, or
otherwise contact our office to arrange satisfactory payment terms.

Very truly yours,

CRANER, SATKIN, SCHEER & SCHWARTZ, P.C.

Please refer to the file number above on all communications. This communication
is for the purpose of collecting a debt and information obtained will be used
for that purpose.  This communication is from a debt collector.

811

LAW   OFFICES

### CRANER, SATKIN, SCHEER & SCHWARTZ P.C.
ATTORNEYS AT LAW

320 PARK AVE PO BOX 367
SCOTCH PLAINS, NJ 07076
(908) 322-2333

60 EAST 42ND STREET, 47TH FLOOR
NEW YORK, NY 10165
(212) 938-2337

[    1072-0055-781                    ]

JUDY GLUCK
227 E 57TH ST 8H
NEW YORK, NY 10022

Date July 17, 2012

MRS File #  1072-0055-781

[                                     ]

Balance Due $  25100.00

RE: BALLY'S PARK PLACE, INC

Your account with the above creditor has been placed with our firm for
collection and such action as is necessary to protect our client.  Unless
within thirty (30) days of receipt of this notice you dispute the validity of
the debt or any portion, the debt will be assumed to be valid by the debt
collector.  If disputed in writing within that period, verification of the debt
will be mailed to you.  Upon your written request within the thirty (30) days
of receipt of this notice, you will be provided with the name and address of
the original creditor if different from the curent creditor.

If you acknowledge this debt, please mail your payment to our office, or
otherwise contact our office to arrange satisfactory payment terms.

Very truly yours,

CRANER, SATKIN, SCHEER & SCHWARTZ, P.C.

Please refer to the file number above on all communications. This communication
is for the purpose of collecting a debt and information obtained will be used
for that purpose.  This communication is from a debt collector.

811