# MAXIM MAXIMOV, LLP
## ATTORNEYS AT LAW
1600 AVE M • SECOND FLOOR
BROOKLYN • NEW YORK • 11230

EMAIL MMAXIMOV@MMAXIMOV.COM
TELEPHONE (718) 395-3459
FAX (718) 408-9570

January 7, 2013

**VIA ECF**
The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **RE:**    Index No. 12-CV-4603
                 Gluck v. Craner, Satkin, Scheer & Schwartz, P.C.

Dear Judge Matsumoto:

     I represent the plaintiff in the above referenced matter. The defendant filed a request for a pre-motion conference pursuant to Your Honor's Individual Motion Practices & Rules, Section III A. One of the reasons courts mandate the filing of a request for a pre-motion conference by letter is to see if there is any merit to such a motion. However, although the District Court may not bar a party from filing a motion if it is clear from the letter that no relief may be obtained or where the letter contains irreconcilable or clearly inconsistent statements, the court may in the interest of a useful expenditure of the parties' time construe a pre-motion letter as a motion and act on it, without affording the moving party any opportunity to file additional papers.

     *Best Payphones, Inc. v. Manhattan Telecommc'ns Corp.,* 2011 U.S. App. LEXIS 23528 (2d Cir. Nov. 23, 2011): The second circuit stated "**Here, however, the district court did not explicitly deny the request for a pre-motion conference. Rather, the court appears to have construed the Pre-Motion Letter as the motion itself …. In this Circuit, district judges have, in some cases, construed pre-motion letters as the motions themselves and denied the motions.** Although the Pre-Motion Letter requested a pre-motion conference, and was styled as a letter rather than as a motion, the letter consisted of seven single-spaced pages laying out several claimed "irreconcilable or clearly inconsistent statements made by Appellee's counsel." …. **Given the length and detail of the Pre-motion Letter and responses, and the clear lack of merit of the … argument, the district court did not abuse its discretion in construing the letter as a motion and denying the motion.** (Emphasis added)

     In this case, even if the plaintiff does not respond to the defendant's letter for a pre-motion conference, the court would still deny the motion to dismiss since the court will look to the case law cited in the motion to dismiss. If the case law cited by the defendant is irreconcilable or clearly inconsistent

and misstates the holding of that case, the court will either follow the **correct** holding of the case cited by the defendant or the court would deny the defendants motion to dismiss in its entirety.

> Opposing counsel in his letter states *"Plaintiff has filed the complaint in the Eastern District, this is not the proper venue for this action as Plaintiff resides in the Southern District of New York. In addition, neither party transacts business in the Eastern District and the events giving rise to the claim occurred in New Jersey. In fact, there is no connection to the Eastern District at all. Accordingly, Plaintiff has no basis upon which to bring these claims in the Eastern District and dismissal is proper. Indeed, Your Honor has granted at least one motion on this basis in the past. See New Son Yeng Produce, LLC v. A&S Produce, Inc., No. 07-cv-4282, 2009 U.S. Dist. LEXIS 73564, at \*7 - 9 (E.D.N.Y. Aug. 19, 2009) (granting 12(b)(3) motion to dismiss in part based on defendant's residence in another district and because a "substantial part" of the events giving rise to the lawsuit occurred in same district).*

It seems that the defendant has erroneously[1] misstated your Honors holding in *New Son Yeng Produce, LLC v. A&S Produce, Inc*.  Your honor did not grant a motion to dismiss based on the defendant's residence in another district, but rather, your honor held in *New Son Yeng Produce, LLC v. A&S Produce, Inc*:

> "[D]efendant's motion to dismiss the complaint or in the alternative transfer this action is granted in part and denied in part. **The motion to transfer is granted**, and the Clerk of the Court is directed to transfer this action to the Clerk for the United States District Court for the Central District of California.  **In other respects, the motion is denied**."*(Emphasis added)*

To the extent that the defendant wants your honor to follow your own holding in *New Son Yeng Produce, LLC v. A&S Produce, Inc.* and they wish to file a motion to dismiss or **in the alternative to transfer this action to the Southern District of New York,** in the interest of a useful expenditure of the parties' time, counsel for the plaintiff and the co-counsel for the plaintiff who will be joining for class certification, do not object to such a transfer and the court can convert the defendants letter motion into a request to transfer the action to the Southern District of New York.

Although this case is a class action and the plaintiff had some basis[2] to bring this claim in the Eastern District of New York, since there is no dispute that the collection letter was sent in to the Southern District of New York by the defendant. In fact, both the plaintiff and the defendant agree that the said letter was received by the plaintiff in the Southern District of New York and the 2nd Circuit has determined in *Bates v. C & S Adjusters, Inc.,* 980 F.2d 865 (2d Cir. 1992) that "the receipt of a collection notice is a substantial part of the events giving rise to a claim "under the FDCPA and Venue exists in the district in which the debt collector's letter for payment was sent." Additionally, in the present case this actual letter is not only a substantial part of the events giving rise to the claim under the FDCPA but rather the sole claim in this case is for a violation of the FDCPA found in the said letter.

---

[1] It would be highly unlikely that opposing Council would attempt to mislead your honor as to your honors own holding in *New Son Yeng Produce, LLC v. A&S Produce, Inc*.

[2] *Tobey v. Nat'l Action Fin. Servs.*, 2009 U.S. Dist. LEXIS 103063, 8-9, 2009 WL 3734320 (E.D.N.Y. Nov. 4, 2009) The court stated "[A] "plaintiff's choice of forum is a less significant consideration in a (here, putative) class action than an individual action." In re Warrick, 70 F.3d 736, 741 n.7 (2d Cir. 1995). "The reason is that in a class action there will be numerous potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for the adjudication of the class's claim." Glass v. S & M Nutec, LLC, 456 F. Supp. 2d 498, 504 (S.D.N.Y. 2006). But "[a]ffording less deference to representative plaintiffs does not mean they are deprived of all deference in their choice of forum." DiRienzo v. Philip Servs. Corp., 294 F.3d 21, 28 (2d Cir. 2002). Plaintiff brings this action on behalf of "thousands of consumers" located "nationwide.""

      As there is no dispute that the Southern District of New York is also a proper venue for this case and in the interest of a useful expenditure of the parties' time plaintiffs consent to the transfer of this action to the Southern District of New York.

      Very Truly Yours

      **/s/**

      Maxim Maximov, Esq.